## Buckner & Terrill *v.* George F. Beatty, et al.

**Conveyance to Defraud Creditors.**

> A conveyance of all one's real estate to an assignee for the benefit of all of one's creditors cannot be set aside as made to defraud creditors, on account of the assignor having withheld money from the assignee and his creditors with which a part of his debts could have been paid. He may have defrauded his creditors in withholding the money, but the deed cannot be held fraudulent for that cause.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

May 21, 1878.

Opinion by Judge Cofer:

We incline to the opinion that the deed of Beatty to Bailey was not fraudulent within the meaning of the statute against fraudulent conveyance. He conveyed all his property not exempt from execution for the equal benefit of all his creditors, without imposing any limitations or restriction upon the trustee, or reserving to himself any control over or interest in the property, and without any impediment to creditors in the prosecution of their demands against him or his property, except such as are necessarily incident to all assignments for the benefit of creditors. That Beatty may have had money which, as an honest man, it was his duty to surrender, does not render the deed fraudulent. He may have defrauded his creditors in withholding the money, but we are unable to see any connection between the money and the deed, or how the deed can be regarded fraudulent because of the alleged fraudulent failure to surrender any money he may have had. The execution of the deed could not contribute to the accomplishment of his purpose to

retain the money, or interpose any obstruction to proceedings by his creditors against him personally to subject the money.

In order to render a deed void because of the fraudulent intention with which it was made, the debtor must intend by the operation of the deed itself to hinder or delay his creditors, or some of them. That he, at the time of executing the deed, intends to defraud his creditors by some other means, in which he can derive assistance from the deed, cannot render it void.

But if this were otherwise the appellants must still fail in their effort to appropriate the trust fund, under their attachment, to the exclusion of the other creditors. They (the other creditors) cannot be in a worse condition than they would have been if there had been no deed at all. Suppose, notwithstanding the allegations in Bailey's petition no deed had in fact been executed by Beatty. Bailey came into court claiming to hold the property in trust for Beatty's creditors, and asked the aid of the court in administering the trust. The cause went to a commissioner for proof of debts, and the creditors appeared and proved their demands, thereby assenting to the alleged trust and creating a lis pendens as to the trust property and funds. That lis pendens created a lien in favor of the creditors who appeared, subject, however, to the right of all other creditors to appear and prove their debts and share equally in the fund.

The levy of the appellants' attachment, at most, gave them only a lien, and being subsequent in date, and only equal in other respects to the lis pendens lien of the creditors who had proved their debts before the commissioner, the ordinary rule, that in contests between equities the elder shall be preferred, must prevail.

It seems to us, therefore, that the judgment of the common pleas court is right, and it is *affirmed.*

*H. F. Turner,* for appellants.

*Vance & Merritt, M. Yeoman,* for appellees.